533 S.E.2d 589

**In the Matter of Thomas D. BROADWATER, Respondent.**

No. 25147.

Supreme Court of South Carolina.

Submitted May 16, 2000.

Decided June 12, 2000.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be suspended from the practice of law for two years. We accept the agreement.

The facts in the agreement are as follows:

Respondent had a stroke in February 1997. Prior to suffering the stroke, respondent settled a case for certain clients. Respondent did not distribute the settlement funds to the clients but diverted the funds for his own use by paying his own personal medical expenses. As a result, respondent owes the insurance company as subrogee the amount of $4,494.00.

Respondent also delayed in disbursing other client funds following his stroke. In particular, respondent delayed paying various medical providers from settlement proceeds of a client. He has now provided documentation that he has paid the providers and he represents that he has properly distributed all of the proceeds.

As to his escrow account, respondent is unable to document the purpose of certain checks that he wrote on the account. He admits that he has not properly maintained his escrow account records.

In another matter, respondent admits that he charged an excessive amount for the service of subpoenas by mail. Respondent agrees to refund the $250 that he collected from the client for that service. Respondent further agrees not to seek any attorney fees from the client.

Respondent admits that he failed to obtain his client's written consent to a settlement until after he had communicated to opposing counsel and the court that the matter was settled, and until after the case had been dismissed with prejudice. He also admits that he failed to advise his client that she could obtain some benefits without the necessity of filing a lawsuit.

In connection with this same client, respondent sent opposing counsel a copy of a letter he had sent to his client which contained privileged information. He acknowledges that he should have written to opposing counsel without referencing the privileged material.

Respondent has violated the Rules of Professional Conduct, Rule 407, SCACR. Respondent failed to diligently represent a client. Rule 1.3. Respondent failed to properly communicate with a client. Rule 1.4. Respondent violated his duty as to fees. Rule 1.5. He violated his duty regarding the safe-keeping of his clients' and third parties' property. Rule 1.15.

Accordingly, respondent is hereby suspended from the practice of law for two years. Respondent must establish he has provided the agreed upon restitution before applying for readmission. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.